BEFORE THE SECOND DIVISION, APRIL 16, 1948

No. 52267.—American Askania Corp. *v.* United States, protest 33259–K (Galveston).

TILSON, Judge: The merchandise, the classification of which is involved in this suit against the United States, is described on the invoice as "1 Electro-mechanic gravitymeter." Without making any specific classification of the merchandise, the collector assessed duty thereon at the rate of $4.50 each, plus 65 percent ad valorem under paragraph 368, Tariff Act of 1930, which is the "Clocks, and clock movements" paragraph.

Plaintiff makes claim that the merchandise is properly dutiable at only 27½ percent ad valorem under paragraph 372 of said act, as machines, not specially provided for, or, in the alternative, that the merchandise is dutiable at only 35 percent ad valorem under paragraph 353 of said act, as articles having as an essential feature an electrical element or device.

When the case was called for trial counsel for the plaintiff offered the testimony of an exceptionally well-qualified witness, who described the functions of this apparatus as follows:

This gravitymeter embodies a coil spring, which carries a mass. Attached to that mass are two grilles, in such manner that these two grilles move up and down with the movement of the mass. Beside the two movable grilles are two fixed

grilles. Inside the two movable grilles, quite removed from the movable system are two photo-electric cells facing the grilles. The purpose of the grilles is as follows: There are two light sources mounted near the outside of the instrument which project two beams of light, first through the fixed grilles, and then through the movable grilles, and on to the photo-electric cells. The grilles also operate in such manner as to act as light shutters, that is to say when the mass moves down, one grille will admit light to the photo-electric cell, whereas the other grille will shut the light off, which means as the mass moves, one photo-electric cell will receive an increased amount of light, whereas the other will receive a decreased amount of light. The purpose of this mechanism is to serve as an indicator for given reference position of the weight. * * * We have attached to the lower end of the movable mass, a fine spring, which is connected by a number of gears to a micrometer screw which terminates in a drum on the outside of the instrument there. When the position of the mass changes its original position is reestablished by working these gears and by exerting an additional pull, or letting up on the pull of the additional auxiliary spring, until the mass is returned to its prior position, and that position is established by the photo-electric mechanism which I have described.

In response to the question of whether or not the involved apparatus utilizes or modifies energy, the witness stated:

It responds to variations in gravity force, and modifies electrical energy for the purpose of indicating such variations.

and that in that respect it does modify or utilize energy or force. The witness also stated that the involved merchandise does not respond to any of the articles enumerated in paragraph 368, Tariff Act of 1930.

In view of the fact that counsel for the defendant has indicated that it deems as controlling of the issue in this case, the decision of this court in *Asiatic Petroleum Corp.* v. *United States*, 19 Cust. 3, C. D. 1058, we do not deem it necessary to give a further detailed outline of the testimony. Suffice it to say that the record as a whole brings the involved gravitymeter well within the principles announced by this court in the case of *Asiatic Petroleum Corp.*, *supra*, wherein the court stated, in part, that:

* * * It appears of record that their internal mechanism as well as their mode of operation is substantially similar to that of the gravimeters which in *Shell Petroleum Corp.* v. *United States*, *supra* [3 Cust. Ct. 233, C. D. 243], were held to be classifiable as machines not specially provided for under paragraph 372 of the Tariff Act of 1930. It is here established that these gradiometers, as were the gravimeters there passed upon by the court, are operated by the force of gravity. Indeed, the only difference in their use is that one is constructed to measure the gravity gradient whereas the other indicates the total perpendicular gravity force. Inasmuch, therefore, as these gradiometers, like the gravimeters referred to, are mechanical contrivances which utilize and apply the energy or force of gravity, we follow our ruling in the last-cited case and hold that they are machines within the contemplation of said paragraph 372.

The above statement applies with equal force to the gravitymeter here in question. Accordingly, upon the entire record, and following the cited authorities, we hold the involved gravitymeter to be properly dutiable at only 27½ percent ad valorem under paragraph 372, Tariff Act of 1930, as alleged by the plaintiff. That claim of the plaintiff is therefore sustained. Judgment will be rendered accordingly.