BEFORE THE SECOND DIVISION, NOVEMBER 3, 1949

**No. 53691.**—Collin & Gissel *v.* United States, protests 122970–K, etc. (Galveston).

LAWRENCE, Judge: The protests listed in Schedule "A," attached to and made part of this decision, have been submitted on a stipulation of the parties in which it was agreed that the merchandise represented by the items marked "A" and initialed HLB or RET on the invoices accompanying the entries, which was assessed with duty at 65 per centum ad valorem and $4.50 each or at only 65 per centum ad valorem under paragraph 368 of the Tariff Act of 1930, consists of gravity meters, gradiometers, and parts thereof, similar in all material respects to the gradiometers and gravity meters the subject of *Asiatic Petroleum Corp.* v. *United States*, 19 Cust. Ct. 3, C. D. 1058, and *American Askania Corp.* v. *United States*, 20 Cust. Ct. 302, Abstract 52267, the records in which cases have been incorporated herein and wherein the merchandise was held to be properly dutiable at 27½ per centum ad valorem under paragraph 372 of said act as machines, not specially provided for. There is no controversy with regard to the copper tax of 3 cents per pound levied under the provisions of section 3425 of the Internal Revenue Code.

Following the cited authorities, we hold the gradiometers and gravity meters, represented by the invoice items marked and initialed as aforesaid, to be properly dutiable at the rate of 27½ per centum ad valorem under said paragraph 372 as machines, not specially provided for, plus the uncontroverted copper tax assessment where applicable.

Inasmuch as paragraph 372, *supra*, provides that—

\* \* \* parts, not specially provided for, \* \* \* of any of the foregoing, shall be dutiable at the same rate of duty as the articles of which they are parts, \* \* \*

it follows that the parts of said gradiometers and gravity meters, represented by the invoice items marked and initialed as aforesaid, are likewise properly dutiable at the rate of 27½ per centum ad valorem under said paragraph 372 as parts of machines, not specially provided for, plus the uncontroverted copper tax assessment where applicable.

To the extent above indicated, the claim of plaintiff is sustained. All other claims are overruled.

Judgment will be entered accordingly.